UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY M. GRUBER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAY BON JOHNSON et al.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01824-FLA (MAA)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

## I. INTRODUCTION

This Report and Recommendation is submitted to the Honorable Fernando L. Aenlle-Rocha, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

Before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint ("Motion," ECF No. 24), filed by Defendants Larry Cupler, T. Lewandowski, and Ray Bon Johnson, Jr. (collectively, "Defendants"). Plaintiff Gary M. Gruber ("Plaintiff") failed to file an Opposition to the Motion.

The Court deems the Motion appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court recommends the District Court **GRANT** Defendants' Motion and **DISMISS**

this action without prejudice due to Plaintiff's failure to file an Opposition to the Motion, failure to comply with local rules, failure to comply with Court orders, and failure to prosecute.

## II.  SUMMARY OF PROCEEDINGS

On March 10, 2023, Plaintiff, proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.)  On April 18, 2023, the Court screened and dismissed the Complaint with leave to amend.  (Order Dismiss. Compl., ECF No. 8.)  On June 15, 2023, Plaintiff filed a First Amended Complaint ("FAC").  (FAC, ECF No. 12.)

On December 11, 2023, Defendant filed the Motion, which currently is before the Court.  (Mot.)  On December 12, 2023, the Court ordered Plaintiff to file an Opposition to the Motion no later than **January 11, 2024** ("Order").  (Order, ECF No. 25.)  The Court warned Plaintiff that "failure to respond to the Motion may be construed as consent to the granting of the Motion and may result in dismissal of the action. See C.D. Cal. L.R. 7-12."  (*Id.*)

When Plaintiff failed to file an Opposition by the deadline, on January 25, 2024, the Court issued an Order to Show Cause Regarding Plaintiff's Failure to File Opposition to Defendant's Motion to Dismiss ("OSC").  (OSC, ECF No. 26.)  In the OSC, the Court ordered Plaintiff to show cause by **February 26, 2024** why the Court should not recommend that the lawsuit be dismissed for failure to file an Opposition to the Motion.  (*Id.*)  The OSC stated that if Plaintiff filed an Opposition to the Motion before that date, the OSC would be discharged, and no additional action need be taken.  (*Id.*)  The OSC included the following warning: "**Plaintiff is advised that failure to file an Opposition to the Motion will be deemed as consent to the granting of the Motion and will result in a recommendation that this action be dismissed. C.D. Cal. L.R. 7-12**."  (*Id.*)

///

To date, Plaintiff has not filed an Opposition to the Motion or otherwise responded to the Order or OSC. Indeed, Plaintiff has not participated in this lawsuit since June 15, 2023.

### III. LEGAL STANDARD

Central District of California Local Rule ("Local Rule") 7-12 provides in pertinent part:

> The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . .

C.D. Cal. L.R. 7-12. "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal of action pursuant to court's local rule—"the failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion"—where plaintiff failed to file an opposition to defendants' motion to compel/dismiss).

In addition, district courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (internal quotation marks omitted). Unless the Court states otherwise, a dismissal under Rule 41(b)—other than for lack of jurisdiction, improper venue, or failure to join a party—operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b).

Before dismissing an action for either failure to follow the local rules, failure to prosecute, or failure to obey a court order, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases of their merits. *See Ghazali*, 46 F.3d at 53 (failure to follow local rules); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). Dismissal is warranted "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). "In addition, in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Id.*

## IV. DISCUSSION

### A. The Public's Interest in Expeditious Resolution and the Court's Need to Manage its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[1] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re Phenylpropanolamine*, 460 F.3d 1217, 1227 (9th Cir. 2006). "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest."

---

[1] The first two factors are usually reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

*Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

The Court ordered Plaintiff to file an Opposition to the Motion no later than January 11, 2024. (Order.) In the absence of any response by Plaintiff, on January 25, 2024, the Court ordered Plaintiff to show cause by February 26, 2024 why the Court should not recommend that the lawsuit be dismissed for failure to file an Opposition to the Motion. (OSC.) To date, Plaintiff has not filed an Opposition to the Motion and has not filed a response to the OSC. Indeed, Plaintiff has not participated in this lawsuit since June 15, 2023.

The Court deems Plaintiff's failure to file a timely Opposition consent to the granting of the Motion. *See* C.D. Cal. L.R. 7-12; *Ghazali*, 46 F.3d at 53–54 (affirming dismissal on the basis of an unopposed motion pursuant to local rule). The Court also concludes that Plaintiff's failures—to file an Opposition to the Motion, to comply with Court orders, and to prosecute the lawsuit—constitute unreasonable delay. *See Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Plaintiff's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'") (quoting *In re Eisen*, 31 F.3d at 1451)). The first and second factors favor dismissal.

### B.    Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of

the case." *In re Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "The law also presumes prejudice from unreasonable delay." *Id*. The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone v. USPS*, 833 F.2d 128, 131 (9th Cir. 1987).

As Plaintiff has not participated in this lawsuit since June 15, 2023, the Court cannot ascertain Plaintiff's reason for failing to file an Opposition, failing to comply with Court orders, or failing to prosecute this lawsuit. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.") As "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," the third factor favors dismissal. *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002).

### C. Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

The Court considered and implemented less drastic alternatives prior to recommending dismissal. The Court twice warned Plaintiff that failure to file an Opposition to the Motion would be deemed as consent to the granting of the Motion and would result in a recommendation that the action be dismissed. (Order, OSC.) *See In re: Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). In addition, the Court *sua sponte* extended Plaintiff's deadline to

file an Opposition to the Motion from January 11, 2024 to February 26, 2024. (OSC.) *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court's allowance of an additional thirty days for plaintiff to file an amended complaint was an attempt at a less drastic sanction). Nonetheless, Plaintiff has failed to file an Opposition to the Motion to dismiss or otherwise participate in this lawsuit since the June 15, 2023. The fourth factor weighs in favor of dismissal.

### D. Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). The case has not progressed since Plaintiff's failure to file an Opposition to the Motion, despite the Court's express warnings on two separate occasions that failure to oppose the Motion may be construed as consent to the granting of the Motion and may result in dismissal of the action. (*See* Order; OSC.) Still, the public policy favoring the resolution of disputes on the merits is strong and, under these circumstances, outweighs Plaintiff's noncompliance and inaction.

### E. Dismissal Without Prejudice

As discussed above, Plaintiff's failures—to file an Opposition to the Motion, to comply with Court orders, and to prosecute this action—constitute unreasonable delay. In addition, four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other

four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).  The Court concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal should be without prejudice.

## V. RECOMMENDATION

**IT IS RECOMMENDED** that the District Court issue an Order: (1) accepting this Report and Recommendation, (2) granting Defendant's Motion, and (3) directing that Judgment be entered dismissing this action without prejudice.

DATED: March 12, 2024

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE